**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| SHAWN FILLMORE,<br><br>              Plaintiff,<br><br>v.<br><br>NEW ENGLAND ICE CREAM<br>CORPORATION,<br><br>              Defendant. | Civil Action No. 26-11762<br><br>JURY DEMANDED |

## COMPLAINT

1.     This is an action seeking restitution for unpaid overtime wages under the Massachusetts Minimum Fair Wage Law, M.G.L. c. 151, § 1A.

2.     Since 2021, the New England Ice Cream Corporation ("Defendant") has employed Shawn Fillmore as a "route analyst." Throughout his employment, Defendant has classified Fillmore as exempt from overtime pay and thereby failed to pay him additional premium compensation equal to at least 1.5 times his regular hourly rate for all hours worked in excess of 40 per week – hours he routinely works. Defendant's conduct violates the overtime provisions of the Minimum Fair Wage Law because Fillmore does not qualify for any statutory overtime pay exemption.

3.     Fillmore brings this action pursuant to M.G.L. c. 151, § 1B. He seeks restitution for unpaid overtime wages he is owed for the hours he has worked in excess of 40 per workweek while employed by Defendant. In addition, Fillmore seeks mandatory treble damages, as liquidated damages, for all lost overtime compensation as well as the costs of litigation and his reasonable attorneys' fees.

**Jurisdiction & Venue**

4.    This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because this is a civil action where the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different States.

5.    Venue is proper in the Eastern Division pursuant to 28 U.S.C. § 1391(b) because Defendant maintains its principal office in the Eastern Division and is a corporate resident of the State in which this District is located (Massachusetts).

**The Parties**

6.    Shawn Fillmore is an adult individual who resides in Coventry, Connecticut.

7.    New England Ice Cream Corporation is a domestic corporation organized under the laws of the Commonwealth of Massachusetts that maintains its principal office at 222 Mansfield Avenue in Norton, Massachusetts.

**Statement of Facts**

8.    Defendant is "New England's premier full service distributor of ice cream, frozen foods, perishable goods, milk, and more[.]"[1]

9.    Defendant maintains its primary facility and distribution center in Norton, Massachusetts, and at any given time employs over 500 individuals.

10.    Defendant has employed Fillmore as a route analyst in its delivery management department since March 2021.

11.    As a route analyst, Defendant paid Fillmore a fixed annual salary that did not vary or fluctuate based on hours worked.

---

[1] https://newenglandicecream.com

12.    Throughout his employment as a route analyst, Defendant has classified Fillmore as "exempt" from receiving overtime pay.

13.    Fillmore's primary duties as a route analyst for Defendant are operational and clerical in nature and generally involve dispatching drivers, assigning and coordinating routes, monitoring deliveries, performing data entry, and occasionally communicating with new customers.

14.    For example, as a route analyst, Fillmore is responsible for assigning drivers to specific dedicated routes, recording the status of shipments and deliveries, addressing certain customer service inquiries, and assisting drivers when they encountered problems.

15.    Fillmore's duties and responsibilities as a route analyst primarily involve the skillful and experienced application of well-established procedures, policies, systems, and standards set by Defendant.

16.    Fillmore's work as a route analyst rarely involves independent decision-making and never concerns matter of significance; most often, Fillmore performs his duties at the direction of Defendant's upper management or at the instruction of other departments.

17.    Defendant's route analyst role does not require an advanced degree, training, or knowledge in a field of science or learning that is predominantly intellectual in character and which is customarily acquired by a prolonged course of specialized intellectual instruction.

18.    Fillmore's work as a route analyst does not directly relate to the management or general business operations of Defendant and does not require the exercise of discretion and independent judgment with regards to matters of significance.

19.    As a route analyst, Fillmore does not manage Defendant's enterprise or any department of Defendant's enterprise; lacks the authority to discipline, hire, or fire employees;

does not make suggestions relating to the hiring or firing of employees; and has no role in setting or determining employees' compensation.

20. Fillmore has no "direct reports" in his role as a route analyst for Defendant; in other words, Defendant has not assigned him any subordinate employees whom he is responsible for managing or supervising.

21. Fillmore's work as a route analyst does not involve outside sales or outside buying.

22. As a route analyst, Fillmore has limited control over his work schedule; Defendant expects and requires him to work "as needed" in response to its operational needs.

23. Fillmore has routinely worked more than 40 hours per workweek as a route analyst throughout his employment by Defendant.

24. Over the past three years, Fillmore has regularly worked early in the morning, late into night, and on weekends and holidays in order to meet the demands of the route analyst role.

25. Defendant has never paid Fillmore any additional "premium" compensation beyond his fixed annual salary for overtime hours when he worked more than 40 hours per workweek.

26. In other words, regardless of how many hours he worked, Defendant has only paid Fillmore the same fixed rate on a salary basis with no additional pay for his overtime hours.

27. Based on the nature of his work and his primary duties as a route analyst, Fillmore does not qualify for any statutory or regulatory exemption from overtime pay.

### Administrative Filing

28. Fillmore's counsel filed his statutory claim with the Massachusetts Attorney General's Office on April 15, 2026.

## COUNT I
**Massachusetts Overtime Statute**
**M.G.L. c. 151, § 1A**

29.     Fillmore incorporates here by reference all preceding paragraphs in this complaint.

30.     The overtime provision of the Massachusetts Minimum Fair Wage Law, M.G.L. c. 151, § 1A, provides that:

> no employer in the commonwealth shall employ any of his employees in an occupation … for a work week longer than forty hours, unless such employee receives compensation for his employment in excess of forty hours at a rate not less than one and one half times the regular rate at which he is employed.

31.     Certain occupations are exempt from the overtime statute's requirements. None of those exemptions apply to Fillmore in his role as a route analyst for Defendant.

32.     Defendant failed to pay Fillmore additional compensation at a rate not less than 1.5 times the regular hourly rate at which he was employed when he worked in excess of 40 hours per workweek.

33.     As a result of Defendant's failure to pay Fillmore additional compensation at a rate no lower than 1.5 times his regular hourly rate when he has worked more than 40 hours per workweek, Defendant has violated the overtime provision of Minimum Fair Wage Law.

34.     Fillmore brings this claim pursuant to M.G.L. c. 151, § 1B.

### Jury Demand

35.     Fillmore requests a trial by jury on all his claims.

### Prayer for Relief

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Defendant and award him the following relief:

5

a.     Restitution of all unpaid wages at a rate equal to 1.5 times his regular hourly rate for all hours worked in excess of 40 hours per workweek;

b.     Automatic treble damages;

c.     Attorneys' fees and costs;

d.     Interest; and

e.     Any other relief to which he may be entitled.

Respectfully submitted,
SHAWN FILLMORE,

By his attorneys,


 /s/ Brant Casavant
Brant Casavant (BBO #672614)
 brant@fairworklaw.com
FAIR WORK P.C.
192 South Street, Suite 450
Boston, MA 02111
(t) 617-607-3260

**Dated:** April 16, 2026.